[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved the court to enter a summary judgment against the defendants for the reason that there are no genuine issues of fact concerning liability. That representation is based upon the fact that on June 12, 2002, the plaintiff mailed to defendant Carmen Rodriguez's attorney Requests for Admission in the above case. It is further alleged that on July 18, 2002 the plaintiff mailed to the defendant Fabio Rodriguez Requests for Admissions. There was no compliance to either set of Request for Admissions.
Pursuant to the provisions of Practice Book Sections 13-23, et seq., the plaintiff maintains that the each matter contained in those requests is deemed admitted and, consequently, there are no issues of fact remaining.
While the plaintiff has a right make that argument, the facts in this case are somewhat different than most in that at the time when the requests for admission were issued by the plaintiff, the attorney for defendant Carmen Rodriguez was suspended from the practice of law and his files were turned over to a trustee for the purpose of protecting the interests of that attorney's clients.
Pursuant to Section 13-23 (b) of the Practice Book, the judicial authority may allow the party to whom the request is directed to file and serve upon the requesting party a written answer or objection addressed to the matters.
Having considered the extraordinary circumstances existing in this case — which are not the doings of the defendants — the court has allowed the defendants additional time to properly reply to the Requests for Admissions which are currently outstanding.
This extension of time has already been made available to the CT Page 14116 defendants since September 16, 2002, when the parties appeared before the court and the defendants were ordered to either obtain counsel or to appear pro se and file responses. To date they have done neither.
The plaintiffs are entitled to compliance with the practice rules.
For the foregoing reasons, the court orders that the defendants, either as pro se parties or through counsel of record, file proper responses to the outstanding Requests for Admissions no later than December 20, 2002 or the matters shall be deemed admitted. If said admissions are found to be dispositive of all issues of material fact, the motion for summary judgment shall be granted without further hearings.
By the Court,
Joseph W. Doherty, Judge CT Page 14117